UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ESPN, INC.,

               Plaintiff,

     v.

CONFERENCE USA,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No. 11 Civ. 2186 (WHP)

**DEFENDANT CONFERENCE USA'S ANSWER**

### DEFENDANT CONFERENCE USA'S ANSWER AND DEFENSES TO ESPN'S COMPLAINT

Defendant Conference USA ("C-USA"), by its attorneys, answers Plaintiff ESPN, Inc.'s Complaint as follows:

1. Denies, except admits that C-USA entered into a Rights Agreement in 2005 ("2005 Agreement") with ESPN in which ESPN purchased the exclusive rights to broadcast certain C-USA football games and men's and women's basketball games from July 1, 2005 through June 30, 2011.

2. Denies to the extent Paragraph 2 states factual allegations, and is not required to respond to the extent Paragraph 2 states legal conclusions and requests relief.

3. Denies, excepts admits that the 2005 Agreement contains a First Negotiation/First Refusal provision and respectfully refers the Court to the 2005 Agreement for the terms thereof.

4. Denies.

5. Admits, upon information and belief, that ESPN is a Delaware Corporation with its principal place of business located in Bristol, Connecticut.

6. Admits.

7. Paragraph 7 states legal conclusions to which no response is required.

8. Paragraph 8 states legal conclusions to which no response is required.

9. Lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 9.

10. Admits.[1]

11. Denies, except admits that ESPN and C-USA entered into the 2005 Agreement and that ESPN paid C-USA a total of $21,900,000 over a six year period.

12. Lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 12, except admits that the 2005 Agreement contains a First Negotiation/First Refusal provision and respectfully refers the Court to Section 9 of the 2005 Agreement for the terms thereof.

13. Denies, and respectfully refers the Court to Section 9(a) of the 2005 Agreement for the terms thereof.

14. Denies, and respectfully refers the Court to Section 9(b) of the 2005 Agreement for the terms thereof.

15. Denies.

16. Denies, and respectfully refers the Court to Section 9(c)(i) and (iii) of the 2005 Agreement for the terms thereof.

17. Denies, and respectfully refers the Court to Section 9(b) of the 2005 Agreement for the terms thereof.

18. Denies, and respectfully refers the Court to Section 13(e) of the 2005 Agreement for the terms thereof.

19. Admits.

---

[1] C-USA is comprised of the University of Texas at El Paso, Southern Methodist University, the University of Houston, the University of Tula, Tulane University, Southern Mississippi University, the University of Memphis, the University of Alabama at Birmingham, the University of Central Florida, Eastern Carolina University, and Marshall University.

20. Admits.

21. Denies, except admits that ESPN provided a document to C-USA on or around April 2, 2010.

22. Admits.

23. Admits.

24. Denies, except admits that ESPN's representative, Burke Magnus, sent an email to Britton Banowsky on May 14, 2010.

25. Admits.

26. Denies, except admits that Britton Banowsky sent an email to Burke Magnus on May 22, 2010.

27. Denies, except admits that on Britton Banowsky sent a written Offer to Burke Magnus May 28, 2010, and respectfully refers the Court to the May 28, 2010 email for the content thereof.

28. Admits.

29. Denies.

30. Denies.

31. Denies, except admits that Burke Magnus and Britton Banowsky exchanged emails on June 2, 2010.

32. Denies, except admits that Burke Magnus sent an email to Britton Banowsky on June 2, 2010 stating "we are done pending execution of the long-form agreement," confirming the parties' mutual intent to negotiate and execute a long-form formal agreement before being contractually bound.

33. Denies, except admits that Britton Banowsky sent an email to Burke Magnus on June 2, 2010.

34. Denies, except admits that Burke Magnus and Britton Banowsky exchanged emails on June 4, 2010 in which ESPN again reiterated the need for a long-form agreement before being contractually bound.

35. Denies.

36. Denies.

37. Denies, except admits that Britton Banowsky sent an email to Burke Magnus on June 2, 2010.

38. Denies, except admits that Britton Banowsky sent an email to Burke Magnus on June 7, 2010.

39. Denies.

40. Denies.

41. Denies.

42. Denies.

43. Denies.

44. Denies.

45. Lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 45.

46. Denies, except admits that C-USA executed an agreement with Fox Sports on January 4, 2011.

47. Denies.

48. Denies, except admits that FOX Sports agreed to pay C-USA substantially more money than the C-USA Offer to ESPN.

49. Denies, except admits that prior to commencing litigation, ESPN and C-USA engaged in discussions.  C-USA lacks knowledge or information sufficient to form a belief as to the allegations in the last sentence of Paragraph 49.

## COUNT I
### (Alleged Breach of Rights Agreement)

50. The responses and allegations contained in Paragraphs 1 through 49 are incorporated as if fully set forth herein.

51. Paragraph 51 states legal conclusions to which no response is required.

52. Denies.

53. Denies.

54. Denies.

55. Denies.

## COUNT II
### (Alleged Breach of the Alleged Complete and Final Extension Agreement)

56. The responses and allegations contained in Paragraphs 1 through 55 are incorporated as if fully set forth herein.

57. Denies.

58. Lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 58.

59. Denies.

60. Denies.

61. Denies.

## COUNT III
### (Alleged Breach of the Alleged Binding Preliminary Commitment to Negotiate Extension Agreement in Good Faith)

62. The responses and allegations contained in Paragraphs 1 through 61 are incorporated as if fully set forth herein.

63. Denies.

64. Denies.

65. Denies.

66. Denies.

67. Denies.

WHEREFORE, Defendant C-USA requests that this Court enter judgment in its favor on all three counts in ESPN's Complaint.

## AFFIRMATIVE DEFENSES

68. The responses and allegations contained in Paragraphs 1 through 67 are incorporated as if fully set forth herein.

69. ESPN has failed to state a claim for relief.

70. ESPN has waived or is estopped from asserting any claim that C-USA breached the 2005 Agreement by making an offer that supposedly included "Non-Conforming Terms" because, among other things, ESPN's April 2, 2010 proposal to extend or renew the 2005 Agreement included terms that were not present in the 2005 Agreement.

71. ESPN has unclean hands and therefore is not entitled to the relief requested.

Dated: April 28, 2011

      Respectfully submitted,

      GIBSON, DUNN & CRUTCHER LLP

      By:  s/ Orin Snyder
          Orin Snyder
          200 Park Avenue
          New York, NY 10166-0193
          (212) 351-2400
          (212) 351-6335
          osnyder@gibsondunn.com

      *Of Counsel*
      Cathy J. Dean*
      Polsinelli Shughart, PC
      700 W. 47th Street, Suite 1000
      Kansas City, MO 64112
      (816) 360-4317
      (816) 374-0509
      cdean@polsinelli.com

      *\*Pro hac vice application to be submitted*

      *Attorneys for Defendant Conference USA*

**CERTIFICATE OF SERVICE**

      I hereby certify that on <u>April 28, 2011</u>, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Evan R Chesler
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019
(212) 474-1000
Fax: (212) 474-3700
Email: echesler@cravath.com

Peter T Barbur
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019
(212) 474-1000
Fax: (212) 474-3700
Email: pbarbur@cravath.com

*ATTORNEYS FOR PLAINTIFF*

                                                                           s/ Orin Snyder
                                                                            Orin Snyder