UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ESPN, INC.,<br><br>                    Plaintiff,<br><br>       vs.<br><br>CONFERENCE USA,<br><br>                    Defendant. | 11 Civ. 2186 (WHP) (HP)<br><br>**JOINT RULE 26(f) REPORT** |

Plaintiff ESPN, Inc. ("ESPN") and Defendant Conference USA ("C-USA") met via telephone conference on May 9, 2011 and hereby jointly submit this discovery plan pursuant to Federal Rule of Civil Procedure 26(f).

I.     RULE 26(a) DISCLOSURES

The parties exchanged initial disclosures under Federal Rule of Civil Procedure 26(a)(1) on May 20, 2011.

II.    SCOPE OF DISCOVERY

The parties have discussed the subjects on which discovery may be needed and when discovery should be completed. The parties do not agree as to the proper scope or timing of discovery and therefore describe below their respective positions concerning the discovery needed in this case. Proposed discovery schedules reflecting the parties' positions are attached hereto.

ESPN's Position: This case presents narrow and straightforward breach-of-contract issues. On January 7, 2005, the parties entered into an agreement granting ESPN the exclusive rights to distribute and otherwise provide coverage for certain C-USA sporting events from July 1, 2005 to June 30, 2011 (the "Rights Agreement"). The Rights Agreement contains a

First Negotiation/First Refusal ("FNFR") provision, which among other things requires C-USA to make an offer conforming to specific requirements (a "Conforming Offer") before entering into negotiations with any third party to license rights covered by the Rights Agreement. In the spring of 2010, the parties engaged in negotiations, primarily over email, during which C-USA failed to make a Conforming Offer but the parties nevertheless entered into an alternative form of an extension to the Rights Agreement. Despite this failure to make a Conforming Offer and the existence of a new agreement, on or about January 5, 2011, C-USA entered into an agreement granting Fox Sports Net, Inc. ("Fox") distribution rights to sporting events covered by the Rights Agreement and the extension (the "Fox Agreement").

There are only two issues in dispute in this case. One, whether the parties entered into an extension of the Rights Agreement through the emails they exchanged in 2010. Two, whether C-USA violated the Rights Agreement's FNFR provision by failing to make a Conforming Offer in accordance with its obligations.

These issues can be resolved through limited discovery of the following subjects: (1) the negotiation of the Rights Agreement and any potential extension of that Agreement; (2) the negotiation of the Fox Agreement; (3) any discussion between C-USA and any party other than ESPN or Fox regarding the licensing of any or all of the rights covered by the Rights Agreement; and (4) any internal analysis or discussion of the value of the rights covered by the Rights Agreement. ESPN, in fact, has already served written discovery, consisting of three interrogatories and four requests for production, seeking basic information relating to these subjects, and does not expect to serve any further written discovery. There are only a handful of people on either side who were involved in the negotiations and discussions at issue;

2

accordingly, document discovery can be completed expeditiously and no more than 10-15 depositions in total will be appropriate.

ESPN seeks equitable relief enjoining the Fox Agreement and requiring specific performance of the extension agreement or the FNFR provision. It is in both parties' interests to resolve this matter before the beginning of the fall football season, when some of the games at issue will begin airing and damages due to ESPN will begin accruing. Counsel for C-USA initially agreed that this matter could be resolved quickly and with minimal, focused discovery. However, as C-USA counsel indicated during the parties' Rule 26(f) conference, C-USA has, for tactical reasons, shifted positions and now asserts that this is a complicated case that will require multifaceted discovery that will extend through the entire fall football season and into the college basketball season.

C-USA's expansive list of disputed issues and potential witnesses confirms that it is attempting to delay resolution of this case. C-USA's proposal is littered with commentary on irrelevant issues—such as the fact that ESPN is a large company owned by The Walt Disney Company and that ESPN and Fox, two sports broadcasting companies, compete with one another—designed to broaden this lawsuit artificially. C-USA, for example, argues that resolution of this case requires a fact-finder to examine the intentions of each party with respect to the provisions of the Rights Agreement. In a breach of contract case, however, the intentions of the parties are simply irrelevant. C-USA's list of witnesses is similarly overbroad. There is no reason for the parties to depose the numerous C-USA board members and ESPN employees, including ESPN's President (George W. Bodenheimer) and Chief Financial Officer (Christine F. Driessen), that are on C-USA's list of witnesses but who took no part in the relevant negotiations between the parties. Moreover, contrary to what C-USA argues, it is not and should not be

necessary to bring a motion for a preliminary injunction in order to get a prompt resolution of a simple dispute. C-USA's new strategy should be rejected. This is a simple case and discovery can and should proceed expeditiously.

ESPN proposes the following dates to govern discovery:

- the final date to serve written discovery should be Wednesday, June 1, 2011;
- the final date to amend pleadings should be Wednesday, June 15, 2011;
- the final date to complete production of written discovery should be Friday, July 15, 2011;
- all fact discovery should be completed no later than Monday, August 15, 2011;
- the final date to file motions for summary judgment should be Monday, August 22, 2011.

No other dates need to be set at this time.

C-USA's Position: ESPN is a multibillion-dollar corporation that is owned by The Walt Disney Company and dominates the sports television industry. In this action, ESPN is suing C-USA for $21 million in damages. A judgment of this magnitude would be catastrophic for C-USA, a small non-profit college athletic conference whose 12 member institutions are universities located in the Southern United States. This lawsuit arises out of ESPN's disappointment that it failed to win the rights to broadcast C-USA football and basketball games from 2011 to 2016. In 2005, ESPN and C-USA entered into a rights agreement under which ESPN broadcast C-USA games from 2005 to 2011, but that agreement will expire by its terms on June 30, 2011. Under the soon-to-expire rights agreement, ESPN had the right to negotiate an extension of the grant of distribution rights beyond June 2011, but it failed to do so. On January 4, 2011, C-USA entered into a binding agreement with Fox to broadcast C-USA games from 2011 until 2016. Fox is ESPN's biggest competitor and recently has made substantial headway

4

in taking market share away from ESPN in the highly-lucrative, multibillion-dollar sports television business. In response to the public announcement of the Fox deal, ESPN made statements to the press in February 2011 to the effect that C-USA did not fulfill its obligations under the rights agreement and alleged that the parties had an oral agreement for an extension that was in the process of being finalized. Significantly, ESPN did not file suit at that time, nor did it seek any injunctive relief against C-USA to halt the implementation of the Fox deal. Instead, ESPN sat on its purported rights for more than 2 ½ months, and then abruptly filed this action on March 30, 2011.

In this action, ESPN alleges that an exchange of emails in the summer of 2010 constituted a binding agreement establishing the rights of the parties for half a decade—even though no written agreement was signed and the parties made clear in their correspondence that they would not be bound until execution of a long-form agreement and approval by the C-USA Board of Directors. ESPN's back-up argument that C-USA did not meet the requirement under the 2005 rights agreement to make a conforming offer to ESPN fares no better. After specifically agreeing to two extensions of the exclusive negotiating period established by the 2005 rights agreement, ESPN failed to secure an additional extension, and the exclusivity period thereafter expired. C-USA was then a free agent with no restriction on its right to negotiate and contract with a third party for the same rights.

ESPN claims that there are only two issues in dispute in this case: 1) whether the parties entered into an extension of their 2005 rights agreement despite that no agreement was signed or approved by the C-USA Board, and 2) whether C-USA violated the First Negotiation/First Refusal provision of the 2005 rights agreement. While C-USA agrees that these are ultimate issues in this case, and believes it will ultimately be entitled to a grant of

5

summary judgment, these are not the only issues requiring discovery. C-USA is entitled to discovery on a broader range of issues than those on the face of the complaint and the ultimate legal issues. There are numerous relevant and potentially relevant issues that will be the subject of discovery in this case that ESPN ignores in its presentation above.

Even on the face of the complaint, the issues are more complex than ESPN suggests. The complaint itself injects the following issues into dispute:

- Multiple agreements and alleged agreements complex in nature, scope, and duration, as well as negotiations related to such agreements;

- C-USA's intentions with respect to the provisions of such agreements;

- ESPN's intentions with respect to the provisions of its agreement with C-USA and its intentions with respect to the negotiations it engaged in with C-USA;

- The provisions of ESPN's other major distribution contracts and ESPN's intentions with respect to those contractual provisions;

- Whether ESPN has performed all of its contractual obligations under its prior agreement with C-USA;

- The uniqueness of the distribution rights within the scope of ESPN's prior agreement with C-USA;

- The parties' attempt to negotiate shared rights prior to commencement of this suit; and

- Each party's capacity to perform under their prior contract.

Beyond the core legal issues and those raised on the face of the complaint, the parties' relationship also provides important background and context for the current dispute. ESPN and C-USA have operated under a rights agreement for the past several years, and negotiations related to that formal relationship were conducted in the years before that. Their communications related to the specific rights at issue in this case span over seven years, and their

relationship in the marketplace potentially goes back even further. C-USA is entitled to discovery with respect to the facts surrounding that longstanding relationship.

Furthermore, C-USA will seek discovery into ESPN's relationships with third parties and its inconsistent treatment of the relevant contractual provisions. In this case, C-USA contends that ESPN was aware of and knowingly let expire the exclusivity period during which the parties were required to negotiate with each other. C-USA will seek discovery with respect to how ESPN, particularly through its executive, Burke Magnus, treated provisions in similar negotiations. In addition, C-USA intends to argue that ESPN's claims are pretextual and not intended to vindicate legitimate rights, but are instead intended to send a message to the marketplace that ESPN does not take kindly to being outbid. C-USA intends to seek discovery concerning ESPN's competitive strategy with respect to Fox and, in particular, statements by ESPN evidencing growing concern surrounding Fox's activity in the marketplace (including winning the rights to broadcast C-USA games).[1]

Given the anticipated scope of discovery, ESPN's proposed schedule is unreasonable. There will likely be between 15 and 20 depositions in this case. Currently, C-USA intends to notice one 30(b)(6) deposition and intends to depose the following individuals:

- Burke Magnus (Bristol, Connecticut)

- Bess Barnes (Bristol, Connecticut)

---

[1] ESPN's assertion that C-USA has "for tactical reasons, shifted positions" is hardly deserving of a response. While we certainly believe a focused discovery is appropriate, ESPN's bare-bones proposal and expedited schedule are not. There is no "new strategy." Counsel's strategy is and has been to protect its client, a non-profit conference of universities, from this overblown lawsuit. ESPN is hoping that a rushed schedule will give it a tactical advantage. C-USA should be given the time necessary to respond to ESPN, who has a well-earned reputation as a repeat litigant.

- Peter Derzis (Charlotte, North Carolina)
- John Skipper (Bristol, Connecticut)
- David Brown (Austin, Texas)
- George W. Bodenheimer (New York, New York)
- John Wildhack (Bristol, Connecticut)
- Christine F. Driessen (Bristol, Connecticut)
- Steve Anderson (Bristol, Connecticut)

Other potential witnesses include C-USA leadership as well as Board members, amongst others, including:

- Britton Banowsky (Irving, Texas)
- Judy MacLeod (Irving, Texas)
- Alfred White (Irving, Texas)
- Dr. John Hitt (Orlando, Florida )
- Dr. Scott Cowen (New Orleans, Louisiana)
- Dr. Steadman Upham (Tulsa, Oklahoma)
- Dr. Diana Natalicio (El Paso, Texas)
- Dr. Steve Ballard (Greenville, North Carolina)
- Dr. Martha Saunders (Hattiesburg, Mississippi)
- Dr. Carol Garrison (Birmingham, Alabama)
- David Leebron (Houston, Texas)
- Dr. Stephen J. Kopp (Huntington, West Virginia)
- Dr. Shirley Raines (Memphis, Tennessee)
- Dr. Renu Khator (Houston, Texas)

- Dr. R. Gerald Turner (Dallas, Texas)
- Dean Jordan (Raleigh-Durham, North Carolina)

In its proposed schedule, ESPN anticipates depositions will take place from July 15 to August 15, 2011. The potential witnesses listed above hail from 15 entities and 11 states. As this makes clear, ESPN's suggestion that depositions can be concluded in a matter of weeks (during the middle of the summer) is patently unreasonable.

In effect, ESPN is requesting super expedited discovery. In support of its request for an expedited discovery schedule, ESPN states: "It is in both parties' interests to resolve this matter before the beginning of the fall football season . . . . " This is not so. First, the fall football schedule for C-USA games on Fox is already set. Second, even under ESPN's emergency schedule, summary judgment motions would not be filed until August 22, 2011, and would not be fully briefed until three weeks later, September 12, 2011.[2] The idea that the suit would be resolved before the first fall season air dates in September is unrealistic. Furthermore, even if there was a resolution in ESPN's favor, implementation would not be immediate. Finally, if ESPN wanted to halt the airing of games on Fox or obtain a prompt ruling on the merits, it should have moved for a preliminary injunction in January 2011, when C-USA signed its deal with Fox. It did not. Instead, it waited months to file this action and then declared a false emergency. For these reasons, ESPN's effort to severely limit C-USA's ability to conduct discovery and defend itself is unreasonable. There is simply no reason for a breakneck discovery schedule.

---

[2] See Local Rule 6.1(b)(2)-(3) ("(2)[A]ny opposing affidavits and answering memoranda shall be served within fourteen days after service of the moving papers, and (3) any reply affidavits and memoranda of law shall be served within seven days after service of the answering papers.").

In short, ESPN oversimplifies and minimizes the true nature of the issues in this case. While this case does present breach of contract claims that may be resolvable on summary judgment, the number of documents, witnesses and issues present require an appropriate amount of time for discovery. C-USA consists of member universities whose resources are dwarfed by those of ESPN. C-USA's member institutions are also on minimal staffs for the summer, and the production of documents and gathering of other information will be more difficult than it would have been if the case was brought at a different time of year.

Taking these issues into account, C-USA proposes the following schedule:

- The final date to serve written discovery should be Wednesday, June 1, 2011;

- The final date to amend pleadings should be Wednesday, June 15, 2011;

- The final date to complete production of written discovery should be Friday, July 15, 2011;

- All fact discovery should be completed no later than Friday, December 2, 2011;

- Plaintiff's expert report should be completed by Friday December 23, 2011 and Defendant's expert report should be completed by Monday, January 23, 2012;

- Expert discovery should be completed no later than Tuesday, February 21, 2012; and

- The final date to file motions for summary judgment should be Friday, March 16, 2012.

III.   ELECTRONICALLY STORED INFORMATION

The parties have discussed the production of electronically stored information and will exchange lists of custodians and search terms to facilitate the production of electronic documents.

IV.     PRIVILEGE

The parties have discussed claims of privilege and protection as trial-preparation materials, and agreed that production without intent to waive privilege or attorney work production protection will not be a waiver of the privilege or protection and that any such documents, materials or information mistakenly or inadvertently produced shall be immediately returned to the producing party upon the producing party's request or identification of such documents.

V.      CHANGES TO THE DISCOVERY LIMITATIONS

The parties agree that no changes to the limits on discovery imposed by the Federal and Local Rules of Civil Procedure are needed.

VI.     ORDERS

Each party has attached a Proposed Scheduling Order.

The parties anticipate submitting an agreed-upon Proposed Protective Order for this Court's approval in the future.

Dated: May 23, 2011

                CRAVATH, SWAINE & MOORE LLP

                by  /s/ Peter T. Barbur
                      Evan R. Chesler
                    (EChesler@Cravath.com)
                      Peter T. Barbur
                    (PBarbur@Cravath.com)
                      Members of the Firm

                Worldwide Plaza
                825 Eighth Avenue
                New York, NY 10019
                (212) 474-1000

                *Attorneys for Plaintiff ESPN, INC.*

Dated: May 23, 2011

                              GIBSON, DUNN & CRUTCHER LLP

                              by _____ /jbm
                                   Orin Snyder

Orin Snyder
200 Park Avenue
New York, NY 10166-0193
(212) 351-2400
(212) 351-6335
osnyder@gibsondunn.com

Jeana Bisnar Maute
200 Park Avenue
New York, NY 10166-0193
(212) 351-2354
(212) 351-6304
jbisnarmaute@gibsondunn.com

*Of Counsel*
Cathy J. Dean*
Polsinelli Shughart, PC
700 W. 47th Street, Suite 1000
Kansas City, MO 64112
(816) 360-4317
(816) 374-0509
cdean@polsinelli.com

*\*Pro hac vice application pending*

*Attorney for Defendant Conference USA*

13